UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>Respondent. | Case No. 19-cv-00784-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT; *SUA SPONTE* GRANTING RESPONDENT EXTENSION OF TIME TO FILE MOTION TO DISMISS; AND DIRECTIONS TO CLERK** |

Petitioner, a state prisoner proceeding *pro se*, filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to declare Respondent in default for failure to answer his petition in the time provided, which the Court construes as a motion requesting the entry of default judgment against Respondent. Dkt. 17. Specifically, Petitioner argues that Respondent failed to file her answer or motion to dismiss by September 23, 2019 as ordered by the Court in its July 24, 2019 order to show cause.

However, Respondent did file an untimely motion to dismiss on October 13, 2019. Dkt. 16. Finding good cause, the Court excuses Respondent's untimeliness and *sua sponte* GRANTS her an extension of time *nunc pro tunc* to allow the filing of the aforementioned motion to dismiss on October 13, 2019. Thus, Respondent is not in default. Respondent is ADMONISHED, however, that if she fails to meet the Court's deadlines in the future, she may face sanctions.

In addition, a petitioner is not entitled to a default judgment where a respondent fails to respond timely to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is established that it is Petitioner's burden to show that he is in custody in violation of the laws of the United States. *Walker v. Johnston*, 312 U.S. 275, 286-87 (1941). A failure by state officials to comply timely with the deadlines set by the Court does not relieve Petitioner of this burden of

proof, nor does it entitle him to entry of a default or a default judgment. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

Accordingly, Petitioner's motion for an entry of default is DENIED. Dkt. 17. The Court further notes that it seems that Petitioner may not have received a copy of Respondent's pending motion to dismiss. Therefore, the Clerk of the Court shall send Petitioner a copy of the motion to dismiss and any supporting exhibits (dkt. 16) along with his copy of this Order. Petitioner's opposition to the motion to dismiss is due on **December 12, 2019**, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition. *See* Dkt. 13 at 2.

This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated: November 19, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

2